UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD J. REYNA, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CBS NEWS EMPLOYEES, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 24-2808 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of Richard Reyna's *pro se* complaint, ECF No. 1, application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and motion to expedite, ECF No. 4. The court will grant Mr. Reyna's IFP application and, for the reasons explained below, will dismiss this case without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, Mr. Reyna sues unnamed CBS News employees, journalists, television network executives, and security personnel. *See* ECF No. 1, at 1. He alleges that he delivered various items to CBS News, including phones, ledgers, a shield, and artwork that was intended as a gift for Norah O'Donnell, and ultimately intended, in part, for "the future Queen of England and King Charles," with the remainder to be sold. *See id.* at 1, 3, 10, 24. Mr. Reyna contends that, in response to this delivery, Defendants conspired with countless others—including gang members,

1

judges, and law enforcement—to steal the artwork and sell it and to falsely accuse him of stalking Ms. O'Donnell, among other alleged crimes. *See id.* at 1-5, 8-11, 13, 15, 23-31. He also alleges that Defendants and other wrongdoers have harmed his loved ones, hacked his bank accounts, tortured him, and attempted to murder him. *See id.* at 5, 8-9, 26-27. He demands equitable relief and damages. *See id.* at 15.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years[,] this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

Mr. Reyna's complaint satisfies this standard. Accordingly, the court will dismiss the complaint, and this case, without prejudice. Mr. Reyna's motion to expedite, ECF No. 4, will be denied as moot. A separate order accompanies this memorandum opinion.

*[signature]*

―――――――――――――――
LOREN L. ALIKHAN
United States District Judge

Date:   December 23, 2024